

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BEAU PARRY, Individually and as Next Friend to his Minor Daughters, | § | No. 08-21-00094-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 120th Judicial District Court |
| | § | |
| JASON A. SHAFFER, VANEZA R. SHAFFER, and TEAM TUTTLE, INC. d/b/a LEGACY REAL ESTATE SERVICES, | § | of El Paso County, Texas |
| | § | (TC#2019DCV1811) |
| | § | |
| Appellees. | § | |

## CONCURRING OPINION

I concur in judgment because the Parrys' claim involves only mental-anguish damages based on negligent conduct, and outside of certain narrow exceptions, Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish. *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997).

Texas law does not yet support the assertion that the Parrys' claim falls into one of the exceptions to this general rule. However, I would conclude claims arising from the surreptitious recording of nude children in their homes, even if negligent and regardless of whether the recordings were transmitted outside the house, involve "injuries of such a shocking and disturbing

nature that mental anguish is a highly foreseeable result" and thus meet criteria permitting mental-anguish-only damages set forth by *Likes*. *See id.* at 496 (noting the list of enumerated "shocking and disturbing" injuries is "obviously far from exhaustive"). Accordingly, I write separately.

                                                  YVONNE T. RODRIGUEZ, Chief Justice

November 16, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.